**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rune Kraft,<br>Plaintiff,<br>v.<br>Valerie Baker Fairbank, et al.,<br>Defendants. | No. CV-23-00450-PHX-DLR<br>**ORDER** |

The Court has reviewed the docket in this matter. Plaintiff Rune Kraft filed this action on March 15, 2023, alleging widespread corruption under the United Nations Convention against Corruption by nine District Judges, twelve Ninth Circuit Court of Appeals Judges, two Clerks of Court/District Court Executives, one Circuit Appellate Commissioner, and one Justice of the United States Supreme Court for their roles in adjudicating Plaintiff's prior cases before their respective courts. Plaintiff also names the Arizona State Bar Association and the State Bar of California because "their activities are corrupt." The Complaint and this action will be dismissed with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

As with Plaintiff's prior Complaints, this action is frivolous. (*See* Doc. 1.) Plaintiff asserts that "Defendants' pattern of practice, as shown in the 10 cases below, confirms that discriminatory actions keep the courthouse door regularly closed. When [Plaintiff] seeks access to civil justice in the Ninth Circuit, always the judges falsify the contents of the documents before them followed by applying law to what they just made up, and always

this is done for the purpose of preventing him from fully exhibiting and trying his case, to prevent a real contest before the court on the subject matter of the action. (Doc. 1 at 14-15).

As the Court has explained to Plaintiff multiple times, judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Absolute immunity for federal judges also "extends to actions for declaratory, injunctive and other equitable relief." *Mullins v. United States Bankr. Ct. for the D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). This Complaint—again—challenges judges' prior rulings in his actions. There is nothing to suggest any action was taken in the "clear absence of all jurisdiction."

A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint may be dismissed as 'factually frivolous' only if the facts alleged are 'clearly baseless' which encompasses allegations that are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). "A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction." *Tr. v. Am. Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016) (sua sponte dismissing the complaint after concluding that "the complaint is frivolous, provides insubstantial support for federal subject matter jurisdiction, and cannot be amended to state a claim for which relief can be granted") (citing *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974) (noting that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion")); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting that "a district court may, at any time, sua sponte, dismiss

a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" ). This action is frivolous and must be dismissed.

For these reasons, the Court will exercise its authority to sua sponte dismiss the Complaint and this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Neitzke*, 490 U.S. at 327 n.6 (courts lack subject matter jurisdiction to consider "patently insubstantial" complaints).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint and this action are dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Dated this 17th day of March, 2023.

Douglas L. Rayes
United States District Judge